# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

CONNIE L. GENOUS,

          Plaintiff,    :    Case No. 2:19-cv-3742

                                  District Judge George C. Smith
- vs -                          Magistrate Judge Michael R. Merz

DAVID GRAY, Warden,
  Belmont Correctional Institution

          Defendant.    :

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by petitioner Connie Genous, is before the Court for decision on the merits. After Genous filed his Petition (ECF No. 1), Chief Magistrate Judge Elizabeth A. Preston Deavers ordered the Respondent to file the state court record and an answer to the Petition (ECF No. 2). The State has done so (State Court Record, ECF No. 5; Answer, ECF No. 6). In the same Order Judge Deavers provided that Petitioner would have twenty-one days after service of the answer to file a reply (ECF No. 2, PageID 67). The Answer was filed and served October 31, 2019. More than twenty-one days have expired, but Petitioner has not filed a reply, so the case is now ripe for decision without a reply.

The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (Transfer Order, ECF No. 7).

1

Litigation History

In September 2017 Genous was indicted by a Franklin County grand jury on one count of aggravated murder in violation of Ohio Revised Code § 2903.01, (Count 1); two counts of murder in violation of Ohio Revised Code § 2903.02, (Counts 2-3); one count of tampering with evidence in violation Ohio Revised Code § 2921.12, (Count 4); and one count of having weapons while under disability in violation of Ohio Revised Code § 2923.13, (Count 5). Counts 1-3 each carried a firearm specification and repeat violent offender specification. (State Court Record, ECF No. 5, Exhibit 1; PageID 123.)

After successful plea negotiations, Genous pleaded guilty to murder and the remaining charges and all specifications were dismissed. *Id.* at Ex. 3, PageID 130. After conducting the required plea colloquy, the trial court accepted Genous's guilty plea and sentenced him to imprisonment for fifteen years to life. *Id.* at Ex. 5.

Genous did not timely appeal, but filed a motion for delayed appeal in February 2019. The Tenth District Court of Appeals denied that motion. *State v. Genous*, Franklin App. No. 19AP-149 (unreported, copy at State Court Record, ECF No. 5, Ex.9), appellate jurisdiction declined, 2019 Ohio-2780 (2019). Genous then filed a motion for sentencing reconsideration which the Court of Common Pleas denied because the imposed sentence was mandatory. *Id.* at Ex. 14, 16. Genous took no appeal but later filed a motion to withdraw his guilty plea. *Id.* at Ex. 17. That motion remained pending when the State Court Record was filed here on October 29, 2019.[1]

---

[1] A review of the online docket on February 10, 2020, shows that the motion remains pending and undecided. https://fcdcfcjs.co.frnaklin.oh.us visited February 10, 2020.

Genous filed his habeas corpus Petition in this Court August 19, 2019,[2] pleading the following Grounds for Relief:

> **Ground One**: Petitioner's guilty plea was not knowingly and voluntary under the due process clause of the Fourteenth Amendment.
>
> **Ground Two:** Petitioner was denied effective assistance of counsel at trial in violation of the Sixth Amendment.
>
> **Ground Three**: Petitioner was denied access to assistance of counsel on appeal in violation of the Sixth Amendment and Ohio Revised Code.
>
> **Ground Four**: Petitioner acted in self defense [sic], affirmative defense, the verdict of the trial court was against the manifest weight of the evidence as the defense proved the affirmative defense of self defense [sic] by a p[re]ponderance of the evidence[.]
>
> **Ground Five:** Judge of Franklin County (Ohio) Common Pleas Court failed to appoint appellate counsel.
>
> **Ground Six:** Petitioner is entitled to retroactive application to recent changes to Ohio Revised Code §2901.05 (burden of proof - self defense [sic])
>
> **Ground Seven:** Newly discovered evidence not discovered until after trial and after appeal.

(Petition, ECF No. 3.)

---

[2] Although the Petition was not docketed until September 6, 2019, Genous is entitled to a filing date of the date he signed the Petition. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The same rule applies to filing a petition for writ of habeas corpus or § 2255 motion to avoid the statute of limitations. *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

# Analysis

**Procedural Default**

Respondent asserts all of Genous' grounds for relief are procedurally defaulted by his failure to fairly present them to the Ohio courts (Return, ECF No. 6, PageID 242).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175

> L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015); *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent

> state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Applying this general law to the instant case, the Magistrate Judge notes that Genous presented none of his grounds for relief to the Tenth District Court of Appeals in a timely direct appeal because he did not take such an appeal. Ohio has a relevant procedural rule: an appeal must be taken within thirty days of entry of the appealable order, in this case the final judgment of conviction.

Under Ohio R. App. P. 5(A), a defendant may obtain permission to file a delayed direct appeal and Genous attempted to do this. However, the Rule requires a showing of cause for the delay and the Tenth District found Genous had not shown good cause:

> {¶ 3} Genous has not met his burden under App.R. 5(A). In support of his motion for leave to appeal, Genous asserts the trial court did not adequately explain his appellate rights, and that he first learned of those rights after he arrived in prison. However, the entry of guilty plea form he signed on November 6, 2018, expressly informed him that he could appeal as a matter of right from his plea and sentence within 30 days of the filing of the trial court's judgment. Further, even if Genous' purported lack of a full understanding of the extent of his appellate rights would sufficiently explain his failure to file a notice of appeal within 30 days of the filing of judgment, his motion is still deficient because he does not adequately explain his additional three-month delay in taking affirmative steps to seek an appeal. See *State v. Cardwell*, 10th Dist. No. 12AP-274, 2012-Ohio-3233, ¶ 6 (denying a motion for leave to file delayed appeal where appellant's memorandum in support detailed "only approximately one month of colorably justifiable

6

> circumstances that would have delayed filing his notice of appeal" but did not "account for the additional four-month delay before he filed his motions"). For these reasons, we find Genous has failed to meet his burden in support of his motion for leave to file a delayed appeal.

(State Court Record, ECF No. 5, Ex. 9, PageID 187.) In this decision, then, the Tenth District enforced the time limit on direct appeals.

The Sixth Circuit has held Ohio Rule 5 is an adequate and independent state ground of decision. *Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011). Therefore, Genous's claims are barred unless he can show excusing cause and prejudice. In an attempt to do so in his Petition, he claims as to Ground One "Franklin County Court of Common Pleas did not appoint an appeal attorney to file an appeal within the required thirty days of conviction and declined to allow a delayed appeal." (ECF No. 3, PageID 76). As to Ground Two he asserts

> Defendant was denied the appointment of appellate counsel and thus was prevented from and thus failed to raise an ineffective assistance of trial counsel claim. The apppointment [sic] of appellate counsel is manditory [sic] for anyone sentenced to a life term such as the defendant, thus the trial attorney was deficient in not requesting the appoinment [sic] and the judge was deficient in not automatically appointing an appellate counsel. Petitioner attempted to resolve this deficiency by filing an application to reopen/delayed appeal on February 5, 2019, pursuant to App. R. 26(B) which was denied by the appellate court.

(Petition, ECF No. 3, PageID 81.) As to Ground Three, he pleads "Ground exhausted, application to reopen pursuant to App. R. 26(B) – ineffective assistance of counsel was filed and denied." *Id.* at PageID 84. As to Grounds Four and Five he asserts "all state remedies have been exhausted," and then repeats verbatim what he pleaded as to Ground Two. *Id.* at PageID 88, 90-91. As to Ground Six he pleads:

7

> Defendant was denied the appointment of appellate counsel and thus was prohibited from raising that he is entitled to retroactive application to recent changes to Ohio Revised Code § 2901.05 (Burden of Proof – self defense [sic]) Petitioner attempted to resolve this deficiency by filing an application to reopen/delayed appeal on February 5, 2019, pursuant to App. R. 26(B) which was denied by the appellate court. All state remedies have been exhausted.

*Id.* at PageID 94. The same language is repeated as to Ground Seven. *Id.* at PageID 97.

As shown in the Tenth District's decision denying delayed appeal, Genous was notified in writing on his guilty plea form of his right to appeal within thirty days of judgment. There is no record of Genous ever asking the trial judge to appoint counsel for appeal or of Genous asking his trial attorney for file a notice of appeal. If Genous made this request to his trial attorney off the record and the attorney failed to file then notice, Genous could have raised this in a petition for post-conviction relief under Ohio Revised Code § 2953.21, but he has never filed for such relief.

As for Genous's claim that an Ohio trial judge has a duty automatically to appoint an appellate attorney, Genous cites no authority for that proposition. There is a federal constitutional right under the Sixth Amendment to the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353, 357 (1963); *Anders v. California*, 386 U.S. 738, 741 (1967); *United States v. Cronic,* 466 U.S. 648, 654-55 (1984). However, that right is not self-executing; a defendant must ask for such an appointment. The right to counsel is limited to the first appeal as of right, *Ross v. Moffitt*, 417 U.S. 600 (1974), so Genous had no Sixth Amendment right to the appointment of counsel to assist in applying for a delayed appeal.

Genous claims at various points in the Petition that he sought relief by filing an application for reopening the direct appeal under Ohio R. App. P. 26(B). No such application is a part of the

State Court Record. At two points in the Petition he suggests he thinks a 26(B) application and a motion for delayed appeal are the same thing. They are not. A motion for delayed appeal seeks a direct appeal in the first instance. An application to reopen under Rule 26(B) is for the sole purpose of asserting one has received ineffective assistance of appellate counsel during an actual appeal.

**Conclusion**

Because Genous has procedurally defaulted in presenting all of his Grounds for Relief to the Ohio courts, this Court cannot reach the merits of his claims and there is no need to provide an alternative analysis of those merits. The Magistrate Judge therefore recommends the Petition be dismissed with prejudice as procedurally defaulted. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 10, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.