# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

CONNIE L. GENOUS,

                Plaintiff,              Case No. 2:19-cv-3742
                                          District Judge George C. Smith
  -  vs  -                       Magistrate Judge Michael R. Merz


DAVID GRAY, Warden,
  Belmont Correctional Institution

                Defendant.

---

# OPINION AND ORDER

---

       This habeas corpus case is before the Court on Petitioner's Traverse/Objections (ECF No. 11) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (the "Report," ECF No. 8). Petitioner has combined his Objections with a Traverse. Although the Traverse was not filed within the time set by the Court for filing a traverse or reply, Petitioner claims he never received a copy of the Order for Answer which set that date (ECF No. 2). The Court will therefore consider the arguments made in the Traverse in the interest of completeness. Petitioner has also filed a separate Motion for Certificate of Appealability (ECF No. 12) which is decided in this Order.

       As required by Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b), the Court has reviewed de novo each portion of the Magistrate Judge's Report to which specific objection has been made and rules on those objections herein.

# I.      LITIGATION HISTORY

In September 2017 Petitioner was indicted by a Franklin County grand jury on one count of aggravated murder in violation of Ohio Revised Code § 2903.01, (Count 1); two counts of murder in violation of Ohio Revised Code § 2903.02, (Counts 2-3); one count of tampering with evidence in violation Ohio Revised Code § 2921.12, (Count 4); and one count of having weapons while under disability in violation of Ohio Revised Code § 2923.13, (Count 5). Counts 1-3 each carried a firearm specification and repeat violent offender specification. (State Court Record, ECF No. 5, Exhibit 1; PageID 123.)

After successful plea negotiations, Petitioner pleaded guilty to murder and the remaining charges and all specifications were dismissed. *Id.* at Ex. 3, PageID 130. After conducting the required plea colloquy, the trial court accepted the guilty plea and sentenced Petitioner to imprisonment for fifteen years to life. *Id.* at Ex. 5.

As the Magistrate Judge found, Petitioner did not timely appeal, but filed a motion for delayed appeal in February 2019 which the Tenth District Court of Appeals denied. *State v. Genous*, Franklin App. No. 19AP-149 (unreported, copy at State Court Record, ECF No. 5, Ex.9), appellate jurisdiction declined, 2019 Ohio-2780 (2019). Petitioner then filed a motion for sentencing reconsideration which the Court of Common Pleas denied because the imposed sentence was mandatory. *Id.* at Ex. 14, 16.  He took no appeal but later filed a motion to withdraw his guilty plea which was still pending when the State Court Record was filed in this Court. *Id.* at Ex. 17.

Petitioner then filed his Petition in this Court, raising the following grounds for relief:

> **Ground One**: Petitioner's guilty plea was not knowingly and voluntary under the due process clause of the Fourteenth Amendment.

**Ground Two:** Petitioner was denied effective assistance of counsel at trial in violation of the Sixth Amendment.

**Ground Three**: Petitioner was denied access to assistance of counsel on appeal in violation of the Sixth Amendment and Ohio Revised Code.

**Ground Four**: Petitioner acted in self defense [sic], affirmative defense, the verdict of the trial court was against the manifest weight of the evidence as the defense proved the affirmative defense of self defense [sic] by a p[re]ponderance of the evidence[.]

**Ground Five:** Judge of Franklin County (Ohio) Common Pleas Court failed to appoint appellate counsel.

**Ground Six:** Petitioner is entitled to retroactive application to recent changes to Ohio Revised Code §2901.05 (burden of proof - self defense [sic])

**Ground Seven:** Newly discovered evidence not discovered until after trial and after appeal.

(Petition, ECF No. 3.)

## II.    ANALYSIS

The Warden asserted in the Return of Writ that Petitioner had procedurally defaulted on all his grounds for relief by not properly presenting them the Ohio courts.  (Return, ECF No. 6, PageID 242).  Applying the standard adopted by the Sixth Circuit in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), the Magistrate Judge agreed and recommended that the Petition be dismissed on that basis (Report, ECF No. 8, PageID 264-69).

Petitioner claims any procedural default is excused by the fact that he is actually innocent and has presented evidence of that innocence that was not presented at trial. (Traverse/Objections, ECF No. 11, PageID 279).  Examination of the record shows that Petitioner has not in fact presented any new evidence at all.  In the body of his Petition, he has speculated what would be shown by various

categories of evidence and then asked the Court to order the appointment of experts and an attorney to gather that evidence and analyze it (ECF No. 3, PageID 102-04).

The actual innocence exception to procedural default requires that the petitioner actually present that evidence to the habeas corpus court.

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005). Thus the burden is on the habeas petitioner to actually present the new exculpatory evidence, not to speculate that it may exist and then invoke federal court discovery to try to find it. The habeas discovery rule, Rule 6, does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. Thus Petitioner has not established actual innocence to excuse his procedural default.

Petitioner also claims his procedural default in not timely appealing to the Tenth District Court of Appeals is caused by the ineffective assistance of his trial attorney in not filing a notice of appeal (Traverse/Objections, ECF No. 11, PageID 280). A habeas petitioner cannot rely on ineffective assistance of trial counsel to excuse procedural default unless the ineffectiveness claim has itself been properly presented to the state courts. *Edwards v. Carpenter*, 529 U.S. 446 (2000). The record shows that Petitioner was advised in writing of his right to appeal and of the thirty-day time limit for doing so. The record does not show that Petitioner ever instructed his attorney to appeal. If any such instruction, if must have been outside the record. That would require that the ineffective assistance of trial counsel claim be raised by a petition for post-conviction relief, but no such petition was ever filed in this case.

In the alternative to relief on the merit, Petitioner seeks a certificate of appealability on all his grounds for relief. Because the Court has not reached the merits of those claims, the standard for granting a certificate of appealability is as follows: If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 478.

Although Petitioner has argued the procedural default issues, he has not shown that reasonable jurists would disagree with the Report's conclusions: Petitioner did not timely file a direct appeal, the Tenth District held that against him by denying his motion for delayed appeal, and the thirty-day time limit for appealing is an adequate and independent ground of state law for the decision.

## III.    CONCLUSION

Based on the foregoing analysis, Petitioner's objections to the Report are **OVERRULED** and the Petition is dismissed with prejudice.   Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**